**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**
**MADISON DIVISION**

| | |
|---|---|
| ALLIEGHSANDRA RODRIGUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 21-cv-319 |
| ) | |
| MOUNTAIN RUN SOLUTIONS, LLC, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, ALLIEGHSANDRA RODRIGUEZ ("Plaintiff"), through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, MOUNTAIN RUN SOLUTIONS, LLC ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

2. Count II of Plaintiff's Complaint is based on the Wisconsin Consumer Act ("WCA"), WIS. STAT. § 427.101, et seq.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1367, and 15 U.S.C. § 1692k.

4. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This Court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 as they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

7. Plaintiff is a natural person residing in City of Baraboo, Sauk County, State of Wisconsin.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3) and a person or customer as those terms are used in WIS. STAT. §§ 427.105 and 425.304.

9. Plaintiff allegedly owes a debt or a claim as those terms are defined respectively by 15 U.S.C. § 1692a(5) and WIS. STAT. § 427.103(1).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6) and WIS. STAT. § 427.103(3).

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a debt buyer located in the City of Orem, Utah County, State of Utah.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or

electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile, as well as reporting alleged debts to credit reporting bureaus.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect an alleged consumer debt from Plaintiff, allegedly arisen from an account with Monitronics.

19. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

20. In or around March 2021, Plaintiff discovered the alleged debt on her credit report, reported by Defendant.

21. The account information furnished by Defendant did not disclose the account was discharged in bankruptcy.

22. The account information furnished by Defendant inaccurately reported a balance owed by Plaintiff.

23. On or about March 16, 2021, Plaintiff called Defendant and spoke with one of Defendant's male representatives, Leo.

24. During the above-referenced conversation:

    a. Plaintiff disputed owing the alleged debt.

    b. Plaintiff explained that the alleged debt was discharged in bankruptcy.

    c. Leo requested for Plaintiff to provide documentation to support her claim that the account was discharged in bankruptcy.

25. On or about March 16, 2021 at 3:35 pm CST, Plaintiff sent an e-mail to Defendant with an attachment containing documentation from her bankruptcy filing.

26. On or about March 17, 2021 at 12:41 pm MST, Plaintiff called Defendant and left a voicemail message for Defendant to call her back.

27. On or about March 17, 2021 at 1:07 pm MST, Defendant called Plaintiff and left the following voicemail message on Plaintiff's telephone:

    a. "This is Emily with [inaudible 00:00:03] Solutions returning a missed call we got from this number. If you could please give us a call back at 801-921-7379. I am assuming this is in regards of the account you have with us. Once again, the number is 801-921-7379. Thank you."

28. Defendant's collector was working within the scope of her employment when she communicated with Plaintiff.

29. Defendant's collector is or should be familiar with the FDCPA.

30. Defendant's collector knows or should know that the FDCPA requires a debt collector to disclose that the communication is from a debt collector and that any information obtained will be used for that purpose.

31. On or about March 17, 2021 at 1:23 pm MST, Plaintiff called Defendant and spoke with one of Defendant's female representatives.

32. During the above-referenced conversation:

    a. Defendant's female representative refused to speak with Plaintiff because the account was in bankruptcy.

    b. Plaintiff requested to speak with a supervisor.

33. Plaintiff's call was transferred to Defendant's female collector, Emily.

34. During the above-referenced conversation:

    a. Emily refused to speak with Plaintiff about the alleged debt.

4

    b. Plaintiff requested for Defendant to remove the account from her credit report.

    c. Emily stated that Defendant purchased the alleged debt.

    d. Emily falsely represented that the account cannot be removed from Plaintiff's credit report.

    e. Plaintiff told Emily that the alleged debt is reporting inaccurately on Plaintiff's credit report.

    f. Emily told Plaintiff that the information provided to Plaintiff is true then hung-up on Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff incorporates by reference paragraphs 1 through 34 of this Complaint as though fully stated herein under Count I of Plaintiff's Complaint.

36. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant's collectors refused to discuss the alleged debt with Plaintiff and when Defendant's collectors hung-up on Plaintiff;

    b. Defendant further violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e;

    c. Defendant further violated § 1692e(8) of the FDCPA by communicating to any person credit information which is known or should be known to be false, when

      Defendant furnished inaccurate information to Plaintiff's credit report;

   d. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant parked the alleged debt on Plaintiff's credit report after the account was discharged in bankruptcy, when Defendant furnished inaccurate information on Plaintiff's credit report and when Defendant's collector falsely represented that the alleged debt cannot be removed from Plaintiff's credit report;

   e. Defendant violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Defendant's collector left a voicemail message on Plaintiff's telephone and did not disclose the communication is from a debt collector attempting to collect a debt; and

   f. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

37. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

38. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs, and such other and further relief as the Court deems proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ALLIEGHSANDRA RODRIGUEZ, respectfully requests that judgment be entered against Defendant for the following:

39. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of both the intentional and/or negligent violations of the FDCPA, in an amount to be determined at trial;

40. Statutory damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A);

41. Costs and reasonable attorney's fees pursuant to pursuant to 15 U.S.C. § 1692k(a)(3); and

42. For such other and further relief as the Court may deem just and proper.

## COUNT II:
## DEFENDANT VIOLATED THE WISCONSIN CONSUMER ACT

43. Plaintiff incorporates by reference paragraphs 1 through 34 of this Complaint as though fully stated herein under Count II of Plaintiff's Complaint.

44. Defendant violated the Wisconsin Consumer Act. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated WIS. STAT. § 427.104(1)(g) by communicating with Plaintiff with such frequency or at such unusual hours or in such a manner as can reasonably be expected to threaten or harass Plaintiff, when Defendant's collectors refused to discuss the alleged debt with Plaintiff and when Defendant's collectors hung-up on Plaintiff;

    b. Defendant violated WIS. STAT. § 427.104(1)(h) by engaging in other conduct which can reasonably be expected to harass the customer, when Defendant's collectors refused to discuss the alleged debt with Plaintiff and when Defendant's collectors hung-up on Plaintiff; and

    c. Defendant violated WIS. STAT. § 427.104(1)(j) by claiming or attempting or threatening to enforce a right with knowledge or reason to know that the right does not exist, when Defendant parked the alleged debt on Plaintiff's credit report after

      the account was discharged in bankruptcy and when Defendant furnished inaccurate information to Plaintiff's credit report.

45. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

46. As a result of the foregoing violations of the Wisconsin Consumer Act, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs, and such other and further relief as the Court deems proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ALLIEGHSANDRA RODRIGUEZ, respectfully requests that judgment be entered against Defendant for the following:

47. Actual damages pursuant to WIS. STAT. §§ 427.105(1) and 427.304(2) including for the emotional distress or mental anguish suffered as a result of both the intentional and/or negligent violations of the Wisconsin Consumer Act, in an amount to be determined at trial;

48. Statutory damages from Defendant pursuant to WIS. STAT. § 427.304(1);

49. Costs and reasonable attorney's fees pursuant to pursuant to WIS. STAT. § 425.308; and

50. For such other and further relief as the Court may deem just and proper.

DATED: May 11, 2021 Respectfully submitted,

AGRUSS LAW FIRM, LLC


By: /s/ Michael S. Agruss
    Michael S. Agruss
    IL State Bar #: 6281600
    Agruss Law Firm, LLC
    4809 N. Ravenswood Ave., Suite 419
    Chicago, IL 60640
    Tel: 312-224-4695
    Fax: 312-253-4451
    michael@agrusslawfirm.com
    Attorney for Plaintiff